**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LINDA HALL; and U'LONDA HALL,

      Plaintiffs,

      v.

UNITED STATES OF AMERICA,

      Defendants.

CIVIL ACTION NO.: 4:26-cv-022

## **O R D E R**

On January 23, 2016, Plaintiffs filed their Complaint against the United States of America ("United States"), seeking money damages for injuries they suffered in a motor vehicle collision with a United States Postal Service employee. (Doc. 1, p. 1.) They served a copy of the Complaint on LM General Insurance Company ("LM"), which they claim is an uninsured motorist insurance carrier. (See doc. 5.) LM filed an Answer as well as a Crossclaim against the United States, (doc. 9), and the Clerk of Court updated the docket to reflect LM's status as Cross Claimant and the United States' status as Cross Defendant. (See generally docket.) The United States thereafter appeared in the case, through counsel, (doc. 10), and, roughly two weeks thereafter, Plaintiffs and LM filed a "Consent Motion to Agreement for Dismissal of Uninsured Motorist Insurance Carrier Without Prejudice." (Doc. 11.) Therein, Plaintiffs and LM jointly "move the Court to dismiss LM . . . from the action without prejudice" with a number of specific terms supported by citations to Georgia law. (See id. (citing O.C.G.A. § 33-7-11 and Yarbrough v. Dickenson, 359 S.E. 2d 235 (Ga. Ct. App. 1987)).) The time for responses has passed and the United States has not voiced any opposition to the Consent Motion. Accordingly, the Consent Motion is **GRANTED**, (id.), and LM General Insurance Company is **DISMISSED WITHOUT PREJUDICE** to the extent it was

served as Plaintiff's uninsured or underinsured motorist insurance carrier and it filed its Answer as such in this action, expressly conditioned upon the terms and conditions set forth in the parties' Consent Motion, (see id. at pp. 1–2).

The Consent Motion, however, neglects to address whether LM wishes to dismiss its crossclaim against the United States. (See generally id.) The Court declines to make any presumptions about whether LM may desire for its crossclaim to remain pending or, instead, be dismissed. Instead, if LM wishes to dismiss the crossclaim, it may indicate as much by making an appropriate filing in this case. Until then, LM **REMAINS** a party to the case, as a cross claimant.

**SO ORDERED**, this 12th day of June, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2